## Anderson v. Workmen's Compensation Appeal Board

*C. Jerome Moschetta*, for appellant.
*Harold V. Fergus, Jr.*, for appellee.

HANNA, *J.*, March 26, 1975—Claimant's husband, Melvin Anderson, was employed by Wheeling Steel and Jessop Steel Corporation from 1943 until his retirement in February of 1969. After his death

on November 23, 1972, his widow filed a claim under the Pennsylvania Occupational Disease Act, claiming death as a result of anthraco-silicosis. The referee found that anthraco-silicosis was a significant contributing factor to the death of claimant's husband and made an award under section 301 of the Pennsylvania Occupational Disease Act of June 21, 1939, P.L. 566 (No. 284), sec. 204, as amended, 77 PS §1401. On an appeal by the Commonwealth based on the question as to whether or not there had been multiple exposure, the Workmen's Compensation Board reversed the referee on the basis that claimant had not proved the death of her husband was caused by, or resulted from, occupational disease. Claimant then filed this appeal.

It is clear that the Pennsylvania Occupational Disease Act, 77 PS §1401, requires that claimant prove that the death of the employe be "caused by" or "result from" the occupational disease. The question arises as to the meaning of the phrases "caused by" and "result from." In the case under discussion, it is admitted that the immediate cause of death was a myocardial infarction. The board is of the opinion that claimant can meet her burden only by showing that the occupational disease caused or contributed to the cause of the myocardial infarction which was the primary reason for the death. It is claimant's position that she need show only that the occupational disease was a contributing, that is a secondary, cause of death.

The question of the necessary proof of the cause of death is discussed in the case of DeMascola v. City of Lancaster, 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963). On pages 368 and 369, the court gives a short historical summary of the problem:

"The history of this Act also discloses that be-

cause of economic conditions a limitation, as to causation, was placed on silicosis, anthraco-silicosis, and asbestosis, so that §301(e) of the Act, 77 P.S. §1401(e), originally provided compensation for 'total disability or death caused *solely*, (emphasis writer's). . .' . This however, did not apply to the other diseases listed in the Act. This was amended on January 2, 1952, and the clause was changed by deleting the word 'solely' out of the section so that it provided for payment of compensation for total disability or death 'caused by' the disease. *After this amendment, without the qualifying condition, compensation is now granted for total disability or death when silicosis is a secondary cause.*" (Emphasis supplied.)

The court says further, on page 369:

"The important factor is that there be a causal relationship of whatever character between the disease and the disability."

Thus, if there is a causal connection between the disease and the death, even though the occupational disease is only a contributing factor or a secondary cause of the death, it would seem that the burden has been met. Claimant attached to her brief a copy of the case of Margaret Miller v. U. S. Steel Corporation, Board Docket No. A-68879. In that case, the death certificate indicated that although the immediate cause of death was a coronary occlusion, right and left, pneumoconiosis significantly contributed to the death. There, the board in an opinion written January 30, 1975, said that the burden was met where the pneumoconiosis significantly contributed to the death so long as there was a causal relationship between the disease and the death. This seems to be in accordance

with the opinion of the Superior Court in the De-Mascola case. Based on this reasoning, we are of the opinion that in reversing the referee's finding of fact and conclusion of law, the board demanded a different burden of proof than it found necessary in the Miller case. We find it necessary to remand this case to the board for determination as to whether or not the anthraco-silicosis was at least a contributing or secondary cause of the death.

## ORDER

And now, March 26, 1975, the board's decision is vacated, and the record remanded to the Workmen's Compensation Appeal Board for further processing not inconsistent with the views expressed herein.